UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-3842-JFW**                                         Date:  August 16, 2013

Title:   In Re: Zerom Tesfayohannes

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**                **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                                                      None

**PROCEEDINGS (IN CHAMBERS):**   ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DISMISSING BANKRUPTCY CASE WITH A 180 DAY BAR

On May 30, 2013, Appellant Zerom Tesfayohannes ("Appellant-Debtor" or "Debtor") filed a Notice of Appeal with this Court from the United States Bankruptcy Court's Order Dismissing Bankruptcy Case With a 180 Day Bar, entered on May 20, 2013.  On June 25, 2013, Appellant-Debtor filed his Opening Brief.  On July 7, 2013, Appellee Beatrice Dominguez ("Appellee") filed her Brief.  Appellant-Debtor did not file a Reply Brief.  The Court finds this matter appropriate for decision without oral argument.  The hearing calendared for August 23, 2013 is hereby vacated and the matter taken off calendar.  After considering the briefs, and the arguments therein, the Court rules as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On February 6, 2013, Debtor filed a Voluntary Petition pursuant to Chapter 13 of the Bankruptcy Code. On February 13, 2013, creditor Beatrice Dominguez filed a Motion to Excuse Compliance with Turnover of Certain Real Property Subject to State Court Receivership Pursuant to Bankruptcy Code § 543(d)(1) ("Turnover Motion").  At the hearing on the Turnover Motion on March 21, 2013, the Bankruptcy Court sua sponte raised the issue of the Debtor's eligibility to proceed under Chapter 13, because it appeared that the amount of the secured debt in the case exceeded the Chapter 13 debt limit set forth in 11 U.S.C. § 109(e).  The Bankruptcy Court also noted that it appeared that the Debtor did not have sufficient regular income to fund a Chapter 13 plan.  Accordingly, the Bankruptcy Court ordered the Debtor to submit declarations and other admissible documentary evidence in support of his eligibility to proceed under Chapter 13, and continued the hearing on the Turnover Motion to May 16, 2013 as a "holding date," at which time the Bankruptcy Court would set a hearing date for the Turnover Motion if the Debtor was able to

overcome the eligibility hurdle.

On April 1, 2013, the Debtor filed a Motion for Order Establishing Debtor's Eligibility to Proceed in a Chapter 13 Case.  On April 17, 2013, Dominguez filed her Opposition.  On May 15, 2013, the day before the scheduled hearing, the Bankruptcy Court issued a Tentative Ruling On "Motion for Order Establishing Debtor's Eligibility to Proceed in a Chapter 13 Case."  Although the Bankruptcy Court concluded that the Debtor did not exceed the Chapter 13 debt limit set forth in 11 U.S.C. § 109(e), the Bankruptcy Court tentatively dismissed the bankruptcy case finding that it was filed in bad faith and barred the Debtor from filing another bankruptcy petition for 180 days.  In its tentative ruling, the Bankruptcy Court advised that it would not require appearances at the May 16, 2013 hearing.

On May 16, 2013, the Bankruptcy Court conducted the hearing at 9:00 a.m.  Dominguez's attorney attended the hearing; the Debtor's attorney and the Debtor did not.  At the hearing, the Bankruptcy Court adopted its tentative ruling as its final ruling.  On May 20, 2013, the Bankruptcy Court entered its Order Dismissing Bankruptcy Case With a 180 Day Bar.

The Debtor appeals the Bankruptcy Court's Order Dismissing Bankruptcy Case With a 180 Day Bar, on the grounds that: (1) the Bankruptcy Court erred in failing to provide notice and opportunity for hearing on the issue of dismissal for bad faith; and (2) the Bankruptcy Court erred in finding bad faith.

## II.     LEGAL STANDARD

"The district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions."  *In re Boyd*, 243 B.R. 756, 759 (N.D. Cal. 2000) (citing *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997)). "Thus, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law *de novo*."  *Id.* (citing *In re Southern Cal. Plastics, Inc.*, 165 F.3d 1243, 1245 (9th Cir. 1999)); *see also In re Gebhart*, 621 F.3d 1206, 1209 (9th Cir. Sept. 14, 2010) ("[T]he bankruptcy court's findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo.").

"The district court reviews the bankruptcy court's decision to dismiss a case as a "bad faith" filing for an abuse of discretion, but reviews the finding of bad faith for clear error.  *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994).

## III.    DISCUSSION

The Court concludes that the Debtor received both adequate notice and an opportunity to be heard on the issue of bad faith.  At the hearing on March 21, 2013, the Bankruptcy Court specifically raised the Debtor's eligibility to proceed under Chapter 13, and the Debtor was on notice that his case was subject to dismissal.  Although the Bankruptcy Court did not specifically mention the issue of bad faith, the Bankruptcy Court advised the Debtor that it would require an explanation of the material inconsistencies in the information contained in the Debtor's declaration filed on January 7, 2013 in the state court proceedings, his petition filed on February 6, 2013, and

his plan filed on February 19, 2013.[1]

Moreover, on May 15, 2013, the Bankruptcy Court issued its extensive tentative ruling, which clearly provided notice to the Debtor that the Bankruptcy Court was considering dismissing his case due to bad faith. Notwithstanding such notice, the Debtor's attorney and the Debtor failed to appear at the hearing on May 16, 2013, at which time they could have argued against the tentative decision to dismiss the case due to bad faith, requested time for further briefing, or requested a continuance of the hearing. Under these circumstances, the Court concludes that the Debtor had more than sufficient notice and was afforded ample opportunity to be heard.

The Court also concludes that the Bankruptcy Court did not clearly err in finding that the Debtor filed the bankruptcy petition in bad faith, and did not abuse its discretion in dismissing the case with a 180-day bar to refiling. "A Chapter 13 petition filed in bad faith may be dismissed 'for cause' pursuant to 11 U.S.C. § 1307(c)." *In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994). "To determine bad faith a bankruptcy judge must review the 'totality of the circumstances.'" *In re de la Salle*, 461 B.R. 593, 605 (9th Cir. BAP 2011) (quoting *In re Eisen*, 14 F.3d at 470.) The Bankruptcy Court should consider at least the following four factors: (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present. This Court finds that the Bankruptcy Court considered the totality of the circumstances, including each of these factors, and concludes that the Bankruptcy Court's finding of bad faith has ample support in the record.

Accordingly, the Bankruptcy Court's Order Dismissing Bankruptcy Case With a 180 Day Bar, entered on May 20, 2013, is **AFFIRMED.**

IT IS SO ORDERED.

**cc: Bankruptcy Court**

IT IS SO ORDERED.

---

[1]Specifically, in his declaration filed on January 7, 2013, the Debtor stated under oath that he had executed four deeds of trusts against certain properties in favor of his brother and sister in the amount of $800,000 because he owed them money. However, the Debtor failed to include these alleged debts in his petition filed on February 6, 2013 or his plan on February 19, 2013. Accordingly, the Bankruptcy Court ordered, for example, the Debtor to submit admissible documentary evidence demonstrating the date of the reconveyances of the subject properties and what consideration, if any, was provided for the reconveyances.